UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON M. WALKER, CDCR #T-35851,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN,<br><br>Defendant. | Case No.: 3:20-cv-01052-GPC-KSC<br><br>**ORDER:**<br><br>**1) DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE;**<br><br>**AND**<br><br>**3) DIRECTING CLERK OF COURT TO FILE COMPLAINT AS FIRST AMENDED COMPLAINT IN 3:20-cv-00404-CAB-AHG** |

Aaron M. Walker ("Plaintiff"), a prisoner incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has not filed a Motion to Proceed *In Forma Pauperis* or paid the initial civil filing fee.

In his Complaint, Plaintiff names as the only Defendant, Raymond Madden, Warden for CEN.  (*See* Compl. at 1.) In his Complaint, Plaintiff alleges that his constitutional rights were violated in 2019 when he was forced to house with another inmate and later found guilty of possessing contraband that purportedly belonged to his cellmate.  (*See id.* at 3-8.)

Plaintiff has previously filed an action that involves the same claims and also names Raymond Madden as a Defendant.  A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of the previous action Plaintiff filed in *Walker v. Gonzalez, et al.*, 3:20-cv-00404-CAB-AHG ("*Walker I*").  The facts alleged in *Walker I* involve the same set of facts against the same Defendant that are contained in this matter.  (*See Id.*, ECF No. 1, Complaint.)  In *Walker I,* the Court dismissed Plaintiff's Complaint for failing to state a claim on April 30, 2020.  (*See id.*, Apr. 30, 2020 Order, ECF No. 5.)  Plaintiff was granted forty-five (45) days leave to file an amended complaint to correct the problems with his pleading as identified by the Court.  (*See id.*)

In the current case ("*Walker II*"), it appears that Plaintiff likely intended to have his Complaint in this case to be his amended pleading in *Walker I*.  However, Plaintiff did not label it as an amended pleading or provide the *Walker I* case number on the pleading and therefore, it was opened as a new case.

/ / /

Accordingly, the Court will direct the Clerk of Court to administratively close this matter and file Plaintiff's Complaint (ECF No. 1) as his First Amended Complaint in *Walker I*.  Plaintiff is cautioned that he must label all future filings in *Walker I* with the proper case number.

### III.  Conclusion and Orders

For the reasons explained, the Court:

1) **DIRECTS** the Clerk of Court to file Plaintiff's Complaint (ECF No. 1) as Plaintiff's First Amended Complaint in 3:20-cv-00404-CAB-AHG.

2) **DIRECTS** the Clerk of Court to administratively close this matter.  This matter will not constitute a "strike" for 28 U.S.C. § 1915(g) purposes.

**IT IS SO ORDERED**.

Dated:  July 24, 2020

Hon. Gonzalo P. Curiel
United States District Judge